IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS J. GEORGE,<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>*Defendant*. | § § § § § § § § § § § § Civil Action No.: 4:18-CV-4249 |

## **MEMORANDUM AND ORDER**

Plaintiff Douglas J. George filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying his request for disability benefits. George and the Commissioner moved for summary judgment. Dkts. 9, 10. After considering the pleadings, the record, and the applicable law, the court **GRANTS** George's motion, **DENIES** the Commissioner's motion, and **REMANDS** this case to the Commissioner.[1]

### **I. Background**

**1. Factual and Administrative History**

George filed his claim for social security benefits on February 9, 2016 alleging the onset of disability as of December 31, 1997. Tr. at 17. The agency denied his claims on initial review and reconsideration. The administrative law judge (ALJ) held a hearing on October 3, 2017 at which George and a vocational expert, Kay S. Gilreath, testified. The ALJ issued an unfavorable decision denying benefits on December 17, 2017. The Appeals Council denied review on

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment. Dkt. 6.

September 28, 2018 and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(b)(2) and 416.1484(b)(2).

2. **Standard of Review**

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

3. **Disability Determination Standards**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. In the second step, the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*,

892 F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. §404.1545). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. If the answer is no, the ALJ determines at step five whether the claimant can perform any other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton*, 209 F.3d at 452-53.

    4. **The ALJ's Decision**

The ALJ found that George did not engage in substantial gainful activity after his alleged onset date of December 31, 1997 through December 31, 2002, the date he last met the insured status requirements of the Social Security Act. Tr. at 19. The ALJ found that George had the medically determinable impairment of affective disorder, but the impairment did not "significantly limit[] [his] ability to perform basic work-related activities for 12 consecutive months" and therefore was not severe. *Id.* at 19-22. The ALJ did not continue past step two of the sequential analysis and concluded that George was not under a disability as defined by the Act during the relevant time period. *Id.* at 23.

## II. Analysis

George asserts in his Motion for Summary Judgment that "Defendant erred at Step Two by ruling [m]ovant's affective disorder was 'non-severe', having no impact on [m]ovant's ability to work." Dkt. 9 at 5. He further alleges as a point of error that "Defendant failed to follow the treating physician's opinion that movant was disabled." Dkt. 9 at 2, 5. George relies on *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) for the proposition that the ALJ erred because he did not consider "the length of treatment, frequency of examination, nature and extent of relationship, support provided by other evidence, consistency of opinion with record, and specialization" before deciding to give little weight to his treating physician's opinion. George contends that this led the ALJ to err in finding that his affective disorder is not a severe impairment.

A treating physician's opinion regarding the nature and severity of a patient's impairment will be given controlling weight *if* it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (emphasis added). When good cause is shown, the ALJ is free to reject, assign less weight, little or even no weight, to the opinion of a treating physician:

> Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.

*Newton*, at 456; *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

The only treating physician opinion in the record relating to the relevant 1997-2002 time period is a one-page letter dated September 15, 2017 written by George's psychiatrist, Dr. Karen Brown. Tr. at 446. Dr. Brown opined that due to his ongoing symptoms "George has been functionally disabled and unable to sustain gainful employment for many years, at least since 1997,

4

if not before." Tr. at 446. The ALJ had good cause to discount Dr. Brown's letter because it is conclusory and is not a medical opinion entitled to deference under *Newton*. The determination whether a claimant is able to work is a legal conclusion reserved to the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (citing 20 C.F.R. § 404.1527(e)(1) (A physician's statement that a claimant is not able to work, is disabled, or has a particular RFC, is not entitled to any special significance, because it is not a medical opinion.). Moreover, the ALJ had good cause to discount Dr. Brown's opinion because it does not refer to diagnostic testing, treatment notes, or supporting medical records. The Court agrees with the Commissioner that the ALJ did not err by failing expressly to discuss each of the elements required by *Myers* and *Newton*.

Nonetheless, the Court concludes that the ALJ committed a legal error at step two of the sequential analysis. Under Fifth Circuit binding precedent, "[a]n impairment can be considered as not severe *only if* it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (emphasis added) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)). "Re-stated, an impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work. *Id.* This second step requires the claimant to make only a *de minimis* showing. *See Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018)

Even ignoring Dr. Brown's opinion, George's treatment records (Ex. 4F, Tr. at 402-423) and his hearing testimony (Tr. at 49-52) provide a *de minimis* showing that between December 1997 and December 2002 George had an impairment that was more than a "slight abnormality

5

having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work…." *Loza*, 219 F.3d at 391. The records indicate numerous depressive episodes of significant length during the relevant period, Tr. at 421, and at one point George lived in an abandoned building without water or electricity, Tr. at 47-48. The ALJ's step two determination states: "Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments." Tr. at 19. The ALJ's decision demonstrates that when making his step two determination the ALJ applied a standard for severity other than the standard endorsed by the Fifth Circuit in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Had the ALJ proceeded past step two of the sequential analysis the Court could have performed a harmless error analysis with respect to the ultimate disability determination. *Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010) (because the ALJ determined Herrera was not disabled because he retained the residual functional capacity to do other work, the ALJ's failure to assess the severity of Herrera's anxiety or learning impairments was not a basis for remand). However, because the ALJ made a disability determination at step two using a severity standard other than the one required in this circuit by *Stone v. Heckler*, the Court must remand this case to the Commissioner for further proceedings. *Stone*, 752 F.2d at 1106 ("Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration."); *cf. Charles v. Colvin*, 628 F. App'x 290, 292 (5th Cir. 2016) ("any resulting error would have been harmless, as substantial evidence supports the finding that Charles's impairments were not severe under the *Stone* standard.").

### III.     Conclusion and Order

For the reasons discussed above, the court **GRANTS** George's motion, **DENIES** the Commissioner's motion, and **REMANDS** this case to the Commissioner for further proceedings consistent with this Memorandum and Order.

Signed on January 31, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge